~ХU



# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. P. C. Stanford
County Attorney
Yoakum County
Plains, Texas

Dear Sir:

            Opinion No. O-1652
            Re: What amount should the County Com-
               missioners of Yoakum County be paid
               for their services during 1940?  And
               salary of County Attorney of Yoakum
               County.

        Your request for an opinion of this department
on the above stated questions has been received.

        Your letter reads in part as follows:

        "I was asked for an opinion as to what
the County Commissioners of Yoakum County should
be paid for services during 1940?  After looking
over the seven laws passed by the 45th Legisla-
ture on this subject, none of which seem to ap-
ply to my county, I advised that they were entitl-
ed to ($1200.00) twelve hundred for the year of
1940.

        "They proceeded to vote themselves the sum
of $1600.00 for the year of 1940.  As I see the
law this pay is requisite upon the population
of the last Federal census and the total valua-
tion for taxable purposes of the current year.

        "Our population for Federal census of 1930
was between 1200 and 1500.  At present due to
oil field workers and transient population we
have a population of between 5000 and 6000, and
our assessable valuation for 1939 was 10,620,900.
Please give me a ruling as to what pay our County
Commissioners should have"...."

        The population of Yoakum County according to the
last Federal Census was 1,263.  The assessed valuation of

Hon. P. O. Stanford, Page 2

property of Yoakum County for 1939 was $10,620,900.00.

Article 2350, Vernon's Civil Annotated Statutes, reads in part as follows:

"In counties having the following assessed valuations, respectively, as shown by the total assessed valuations of all properties certified by the county assessor and approved by the Commissioners Court, for county purposes, for the previous year, from time to time, the County Commissioners of such counties shall each receive annual salaries not to exceed the amounts herein specified, said salaries to be paid in equal monthly installments, at least one-half, and not exceeding three-fourths, out of the Road and Bridge Fund and the remainder out of the General Fund of the county; said assessed valuations and salaries applicable thereto being as follows:

"Assessed Valuations

Salaries to be paid
each Commissioner.

"....
"$10,000,001 and less than
$13,000,000 not to exceed...........$1600.00
........"

Article 2350(2), Vernon's Civil Annotated Statutes reads as follows:

"The Commissioners Court at its first regular meeting each year shall, by order duly made and entered upon the Minutes of same Court, fix the salaries of the County Commissioners for such year, within the limits as provided for in this Act."

In view of the foregoing statutes, you are respectfully advised that the maximum salary for each member of the commissioners court of Yoakum County is $1,600.00 a year.

Regarding your second question, we call your attention to Articles 3883, 3891 and 3895 of Vernon's Civil Annotated Statutes which read in part as follows:

"Art. 3883. Except as otherwise provided

Hon. P. G. Stanford, Page 3

in this Act, the annual fees that may be retained by precinct, county and district officers mentioned in this Article shall be as follows:

"1. In counties containing twenty five (25,000) thousand or less inhabitants: County Judge, District or Criminal District Attorney, Sheriff, County Clerk, County Attorney, District Clerk, Tax Collector, Tax Assessor, or the Assessor and Collector of Taxes, Twenty-four Hundred ($2400.00) Dollars each; Justice of the Peace and Constable, Twelve Hundred ($1200.00) Dollars each......"

"Article 3891. Each officer named in this Chapter shall first out of the current fees of his office pay or be paid the amount allowed him under the provisions of Article 3883, together with the salaries of his assistants and deputies, and authorized expenses under Article 3899, and the amount necessary to cover costs of premium on whatever surety bond may be required by law. If the current fees of such office collected in any year be more than the amount needed to pay the amounts above specified, same shall be deemed excess fees, and shall be disposed of in the manner hereinafter provided.

"In counties containing twenty-five thousand (25,000) or less inhabitants, District and County officers named herein shall retain one-third of such excess fees until such one-third, together with the amounts specified in Article 3883, amounts to Three Thousand Dollars ($3,000). Precinct officers shall retain one-third until such one-third, together with the amount specified in Article 3883, amounts to Fourteen Hundred Dollars ($1400)......

"Article 3895. The Commissioners' Court is hereby debarred from allowing compensation for ex-officio services to county officials when the compensation and excess fees which they are allowed to retain shall reach the

Hon. F. C. Stanford, Page 4

maximum provided for in this chapter. In
cases where the compensation and excess fees
which the officers are allowed to retain shall
not reach the maximum provided for in this
chapter, the Commissioners' Court shall allow
compensation for ex-officio services when, in
their judgment, such compensation is necessary,
provided, such compensation for ex-officio ser-
vices allowed shall not increase the compensa-
tion of the official beyond the maximum of
compensation and excess fees allowed to be re-
tained by him under this chapter. Provided,
however, the ex-officio herein authorized shall
be allowed only after an opportunity for a
public hearing and only upon the affirmative
vote of at least three members of the commis-
sioners' court."

The county officials of Yoakum County are compen-
sated on a fee basis. Therefore, you are respectfully ad-
vised that where the compensation and excess fees which the
county attorney is allowed to retain does not reach the
maximum provided for by Article 3883 and Article 3891, supra,
the commissioners' court may allow compensation for ex-officio
services when, in their judgment, such compensation is nec-
essary, provided, such compensation for ex-officio services
allowed shall not increase the compensation of the county
attorney beyond the maximum of compensation and excess fees
allowed to be retained by him under the two above mentioned
statutes. Provided, the ex-officio as authorized by Arti-
cle 3895, supra, shall be allowed only after an opportunity
for a public hearing and only upon the affirmative vote of
at least three members of the commissioners' court. Whether
or not ex-officio compensation is necessary is wholly with-
in the judgment of the commissioners' court and the amount
thereof, if any, must be determined by said court and not
by this department.

Trusting that the foregoing fully answers your
inquiry, we remain

Yours very truly

ATTORNEY GENERAL OF TEXAS

APPROVED JAN 22, 1940 By *Ardell Williams*

Ardell Williams
Assistant

AW:AW

FIRST ASSISTANT
ATTORNEY GENERAL

APPROVED
OPINION
COMMITTEE
BY *BWB*
CHAIRMAN